IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICIA L. HARVEY                                                              Plaintiff

v.                                       4:04CV00700 JMM/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                                        Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Patricia L. Harvey, has appealed the final decision of the Commissioner of the Social Security Administration to deny a portion of her claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. Long v.

Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on reflex sympathetic dystrophy. (Tr. 88, 148)  In her application, filed July 11, 2002, she alleged her disability began July 5, 2002.  At the reconsideration level of administrative proceedings, the Commissioner found that she was disabled within the meaning of the Social Security

Act as of her alleged onset date. (Tr. 53)  Plaintiff then requested a hearing, amending her alleged date of onset to December 26, 2001. (Tr. 47)

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act during the relevant time period, December 26, 2001, through July 4, 2002. (Tr. 13-14)  On July 7, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8)  Plaintiff then filed her complaint initiating this appeal. (Docket #2)  The issue of whether Plaintiff is disabled is moot. Hajek v. Shalala, 30 F.3d 89, 91 (8th Cir. 1994); Williams v. Sullivan, 905 F.2d 214, 215 (8th Cir. 1990). The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act during the relevant time period is supported by substantial record evidence.

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 47 years old at the time of the hearing. (Tr. 25)  She is a high school graduate. (Tr. 13, 94)  She has past relevant work as customer service representative. (Tr. 13)

The ALJ considered Plaintiff's impairments by way of the

---

[1] The Hon. Mark S. Anderson.

required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment.  Id., § 404.1520(c).  If not, benefits are denied.  Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling.  Id., § 404.1520(d).  If so, and the duration requirement is met, benefits are awarded.  Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence.  Id., § 404.1520(e).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 404.1520(g).  If so, benefits are

denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had engaged in substantial gainful activity from December 26, 2001, through July 4, 2002.  (Tr. 14) Consequently, he concluded that Plaintiff was not disabled.  Id.  He found that her allegations were not borne out by the overall record and were not fully credible.  Id.

The ALJ found that Plaintiff's monthly wages exceeded the presumptive level of substantial gainful activity of $780 pursuant to 20 C.F.R. § 404.1572(b).  Plaintiff does not dispute that fact, but contends that her work activities required the assistance of others, even on a part-time basis.  (Br. 6)  The record simply does not support that argument.  Plaintiff plainly testified that no one assisted her in the performance of her duties.  (Tr. 29)

Plaintiff also suggests that work during the relevant time period should be considered as an unsuccessful work attempt. (Br. 6-8) However, substantial evidence supports the ALJ's determination that it did not qualify as such.  (Tr. 14)  It did not for several reasons, one of which is that there was no significant break preceding that period of time.

### Event That Must Precede a UWA

> There must be a significant break in the continuity of a person's work before he or she can be considered to have begun a work attempt that later proved unsuccessful. Such an interruption would occur when, because of the impairment or the removal of special conditions related to the impairment that are essential to the further performance of work, the work was discontinued or was reduced (or limited) to the non-SGA level. Work is considered to be "discontinued" if the person (1) was out of work for at least 30 consecutive days or (2) was forced to change to another type of work or another employer. (On rare

>   [o]ccasions a break lasting a few days less than 30 may
>   satisfy this requirement if the subsequent work episode was
>   brief and clearly not successful because of the impairment.)

Social Security Ruling 84-25, at 2.

Plaintiff also suggests that the work performed during the relevant period was under sheltered circumstances. (Br. 8-9)  The ALJ did not address this issue, but it does not appear that it was raised by Plaintiff below.  Plaintiff points to no evidence that supports her contention that her work was sheltered.  Therefore, it is not properly before the Court.

>   Sheltered employment is employment provided for handicapped individuals in a protected environment under an institutional program. The most common types of sheltered employment are the following:
>   a. Sheltered Workshops. Sheltered workshops engage in manufacturing, assembly, reconditioning, repair, and other operations. These may involve direct sales to consumers and retailers, or the fulfillment of industrial contracts. Some workshops also furnish services or facilities for medical care, physical restoration, psychiatric therapy, recreation, vocational evaluation and training, job placement, etc.
>   b. Hospitals, Veterans' Administration Domiciliaries, and Long-term Care Institutions. Hospitals, Veterans' Administration (VA) domiciliaries, and similar institutions for the care of individuals with long-term impairments, usually have occupational therapy programs designed to encourage the use of patients' residual physical and mental capacities. If the institution furnishes free room and board to nonworking patients (as, for example, VA domiciliaries do), then the value of room and board is not considered pay to patients who work. However, an individual who works for an institution after he or she has been discharged from patient status may receive room and board as part of regular pay. When this occurs, the value of room and board is considered payment in-kind and is included in gross earnings.
>   c. Homebound Employment. "Homebound employment" refers to work done at home by individuals under public or institutional programs designed to provide them with paid employment. Pay for the work is usually on a piece-rate basis. The employer delivers raw materials to the individual's home and picks up finished merchandise.

> Sometimes family members may assist the impaired individual in performing the work. The value of such assistance should be deducted from wages before the Earnings Guidelines are applied.

Social Security Ruling 83-33, at 7.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the Commissioner in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 25th day of August, 2005.

*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE